IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-344-FL

| | |
|---|---|
| JOHN EWING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND MEMORANDUM** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of Plaintiff John Ewing's ("Plaintiff") complaint pursuant to 28 U.S.C. § 1915A and Plaintiff's motion to expedite [DE-5] in accordance with 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, this court RECOMMENDS Plaintiff's complaint be DISMISSED as frivolous and ORDERS Plaintiff's motion to expedite be DENIED AS MOOT.

## I. PROCEDURE AND PLAINTIFF'S COMPLAINT

This case involves a *pro se* prisoner plaintiff who filed a complaint and motion to proceed *in forma pauperis* on June 29, 2011. [DE-1, 2]. On July 12, 2011, Plaintiff's motion was deemed deficient by the court and Plaintiff was ordered to submit materials to bring his filings into compliance with the court's local rules of practice and procedure. [DE-4]. On July 20, 2011, Plaintiff filed a motion to expedite the court's ruling on his pauper status. [DE-5]. Thereafter, on August 31, 2011, Plaintiff filed a Prisoner Trust Fund Account Statement [DE-9] and a motion to proceed *in forma pauperis* ("IFP motion") [DE-8] that complied with the court's local rules of practice and procedure. According to Plaintiff's IFP motion, Plaintiff is

incarcerated at Federal Medical Center Butner. On September 1, 2011, the Clerk of Court entered an order directing that monthly payments be made from Plaintiff's prison account for the purpose of paying the filing fee in this civil case in accordance with 28 U.S.C. § 1915(b)(1). [DE-10].

In his complaint, Plaintiff alleges that the FBI committed several acts of bank fraud by (1) placing a hold on Plaintiff's bank account pending an investigation from 1985; (2) allowing "whelthy [sic] white males to hold there [sic] money in the bank while they continued to put petitioner to chattel;" (3) not attempting "to withhold Petitioner's (SSI check) social security income check pending any investigation;" (4) "only allow[ing] petitioner hold/give funds to petitioner when they wanted information;" (5) "not withhold[ing] any funds in banks from businesses that FBI knew were putting petitioner to chattel. A misprison of felony;" and (6) "violat[ing] petitioner's attorney work product with mind reading computers." Compl. [DE-1] at 1-2. Plaintiff states further that the funds he seeks in this case are the same amount he was awarded in the case of John Ewing v. Jewels, Eisners Inc. d/b/a et al., Case No. 88-L-389, in the Sixth Circuit Court of Champaign, Illinois. Plaintiff seeks the same amount of damages plus interest from the FBI and a lift of the hold placed on his bank account. Id. at 2.

Plaintiff has also filed a motion to expedite, seeking an immediate decision on his motion to proceed *in forma pauperis*. [DE-5]. In support of his motion, Plaintiff states "there is no reason why petitioner motion [sic] for redress be [sic] delayed, as petitioner only has $.80 cent [sic] in his possession." Id.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act of 1996 ("PLRA") limits the ability of prisoners to file civil actions without prepayment of filing fees. See 28 U.S.C. § 1915A. The PLRA requires the district court to engage in a preliminary screening process of any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review of Plaintiff's complaint under the PLRA, the court must identify "cognizable claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); see McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Neitzke, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. "The word 'frivolous' is inherently elastic and not susceptible to categorical definition.... The term's capaciousness directs lower courts to conduct a flexible

3

analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Fed. Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." Nasim v. Warden., Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. Id. In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. See id.; Estelle v. Gamble, 429 U.S. 97, 106 (1976); Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Liberally construed, Plaintiff's complaint alleges the FBI placed a hold on his bank account, preventing him access to his money, but allowed wealthy white male individuals to place funds in Plaintiff's bank account. Plaintiff alleges further the FBI did not withhold social

4

security payments to Plaintiff, but only provided funds to Plaintiff when the FBI "wanted information." Plaintiff alleges that the FBI did not withhold any funds in banks of businesses the FBI "knew were putting [Plaintiff] to chattel. A misprison of felony." Finally, Plaintiff claims the FBI violated his "attorney work product with mind reading computers." Compl. at 1-2.

A. **Plaintiff's complaint lacks an arguable basis in law.**

Plaintiff appears to allege the FBI has committed bank fraud against him. Although not cited by Plaintiff, the federal bank fraud statute, 18 U.S.C. § 1344, prohibits any person from executing or attempting to execute a scheme or artifice (1) to defraud a financial institution, or (2) to obtain any of the assets owned by a financial institution by fraudulent means. 18 U.S.C. § 1344. However, only financial institutions – not individuals – have standing to pursue a claim under this statute. See Dimas v. Vanderbilt Mortg. & Fin., Inc., No. C-10-68, 2010 U.S. Dist. LEXIS 87955, at *37, 2010 WL 3342216, at *12 (S.D. Tex. Aug. 25, 2010) (holding only financial institutions have standing to allege bank fraud); Milgrom v. Burstein, 374 F. Supp. 2d 523, 528-29 (E.D. Ky. 2005) (holding an individual has no private right of civil action under 18 U.S.C. § 1344); Honorable v. Easy Life Real Estate Sys., Inc., 182 F.R.D. 553, 563 (N.D. Ill. 1998) (holding non-bank plaintiffs lacked standing because "[t]he [bank fraud] statute is intended to protect financial institutions and not those who may be derivatively affected by fraud committed upon a financial institution"). Plaintiff is not alleged to be a financial institution and therefore has no standing to bring a claim under 18 U.S.C. § 1344. This defect in Plaintiff's legal theory renders his complaint "frivolous [because] it lacks an arguable basis ... in law". Neitzke, 490 U.S. at 325; see also Padilla v. Enzor, 279 Fed. Appx. 606, 615 (10th Cir. 2008) ("The district court dismissed this claim as frivolous holding [the plaintiff] does not have

5

Case 5:11-cv-00344-FL   Document 11   Filed 09/30/11   Page 5 of 7

'standing to raise a claim on behalf of the prisoners' families.' We agree."); Cummings v. Baker, 130 Fed. Appx. 446, 447 (11th Cir. 2005) ("Because ... [the plaintiff] does not have standing to bring a § 1983 claim on behalf of 'similarly situated individuals,' the district court did not err when it dismissed his claim as frivolous."); Verbal v. Krueger, No. 1:09-CV-990, 2010 WL 276644, at *3 (M.D.N.C. Jan. 15, 2010) (*pro se* plaintiff's lack of standing rendered complaint frivolous under 28 U.S.C. § 1915(e)(2)).

**B.     Plaintiff's complaint lacks an arguable basis in fact.**

Next, Plaintiff's factual assertions in the complaint are unsupportive of any legitimate cause of action. Plaintiff's allegations that the FBI (1) prevented Plaintiff from accessing his bank account, yet allowed wealthy white men to use it in which to deposit their own funds and (2) paid Plaintiff for information are wholly incredible. Plaintiff's allegation that the FBI "did not withhold funds in banks from business is that [the] FBI knew were putting plaintiff to chattel [–] [a] misprision of felony," is nonsensical. Finally, that the FBI employed "mind reading computers" to violate Plaintiff's attorney work product privilege takes this case into the realm of delusion. Simply stated, Plaintiff's complaint presents a far-fetched scenario based on allegations that rise to the level of "irrational." Denton, 504 U.S. at 33.

In sum, Plaintiff's complaint is a rambling and essentially incoherent document which fails to set forth either factual or legal allegations which are sufficient to state a cause of action upon which a claim may be based.

**C.     Plaintiff's Motion to Expedite.**

Plaintiff moves the court to expedite its ruling on whether he has demonstrated appropriate evidence of his inability to pay administration costs to commence suit in federal

6

court. [DE-5]. After Plaintiff filed his motion, however, the Clerk of Court entered its order directing that monthly payments be made from Plaintiff's prison account for the purpose of paying the civil case filing fee in accordance with 28 U.S.C. § 1915(b)(1). The Clerk's action having been taken subsequent to Plaintiff's motion, Plaintiff's motion to expedite a ruling on his pauper status is denied as moot.

## IV. CONCLUSION

For the reasons stated above, this court RECOMMENDS that the underlying complaint be DISMISSED as frivolous. This court ORDERS Plaintiff's motion to expedite be DENIED AS MOOT.

The Clerk shall send copies of this Order and Memorandum and Recommendation to Plaintiff, who has fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar the aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court. Subject to the same requirements for making timely appeal to the District Court, the aggrieved party may challenge this court's order on grounds that the order is clearly erroneous.

This, the 30th day of September, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge