IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-344-FL

| | |
|---|---|
| JOHN EWING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A and plaintiff's motion to expedite (DE # 5.) Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered a memorandum and recommendation ("M&R") wherein he recommends that the court dismiss plaintiff's complaint as frivolous and deny as moot plaintiff's motion for expedited review. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge.

On June 29, 2011, *pro se* plaintiff moved for leave to proceed *in forma pauperis* ("IFP"). On July 12, 2011, plaintiff's motion was deemed deficient and plaintiff was ordered to submit materials to bring his filings into compliance with the court's local rules. On July 20, 2011, plaintiff filed the motion to expedite the court's ruling on his IFP motion. On September 30, 2011, the magistrate judge entered M&R, and plaintiff has not responded.

Plaintiff's motions are before the court with benefit of the magistrate judge's analysis. Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and adopts it in full. The Prison Litigation Reform Act of 1996 ("PLRA") directs the court to identify "cognizable claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The magistrate judge determined that plaintiff's claims were frivolous both in law and fact. Plaintiff's claims are frivolous in law because he alleges that the Federal Bureau of Investigation committed bank fraud against him, yet only financial institutions, not individuals, have standing to pursue a claim under the federal bank fraud statute. See 18 U.S.C. § 1344; e.g., Dimas v. Vanderbilt Mortg. & Fin., Inc., 2010 WL 3342216, at *12 (S.D. Tex. Aug. 25, 2010) (citing cases holding that only financial institutions may claim bank fraud under § 1344). Plaintiff is not alleged to be a financial institution and therefore has no standing to bring a claim under the bank fraud statute. Plaintiff's claims are frivolous in fact because the factual assertions in the complaint are unsupportive of any legitimate cause of action and are for the most part nonsensical.

Finally, as to plaintiff's motion to expedite, after the filing of the same, the Clerk of Court entered order directing that monthly payments be made from plaintiff's prison account for the purpose of paying the civil filing fee. Action having been taken subsequent to the filing of plaintiff's

motion, the motion to expedite ruling is properly denied as moot.

In sum, the magistrate judge recommends that plaintiff's complaint be dismissed as frivolous and that plaintiff's motion to expedite be denied. For the foregoing reasons, court adopts the M&R in full, DISMISSES plaintiff's complaint (DE # 1) as frivolous and DENIES plaintiff's motion to expedite (DE # 5) as moot. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 5th day of December, 2011.

LOUISE W. FLANAGAN
United States District Court Judge